FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2017 SEP -5  PM 2: 40

U3 DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| RICKY R. FRANKLIN )<br><br>      Plaintiff,       )<br><br>v.                    )<br><br>TRUE DENTAL DISCOUNTS<br>.COM, LLC            )<br><br>      Defendant      ) | Civil Action No:<br>6:17-cv-1600 OLL-400-JK<br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, TRUE DENTAL DISCONTS.COM, LLC., and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to TRUE DENTAL DISCONTS.COM, LLC., (hereinafter, TDL) and, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express written

consent within the meaning of the TCPA.   This is an action for actual and

statutory damages for violations of the Telephone Consumer Protection Act

(hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

3.  Venue is proper in this district pursuant to 28 U.S.C.  § 1391(b).

## PARTIES

4..  RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all

relevant times residing in county of Henry, State of Georgia.

5.  Defendant TRUE DENTAL DISCONTS.COM, LLC. (hereinafter, TDL) is a

domestic company with a corporate office located at 159 Parliament Loop, Lake

Mary, Florida, 32746.

6.  At all relevant times, Defendant has conducted business in Georgia, solicited

business in Georgia, engaged in a persistent course of conduct in Georgia, or has

derived substantial revenue from services rendered in Georgia.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA) 47 U.S.C §227

7.  In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.  The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9.  According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

3

10. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice calls to cell phones. Defendant TDDL has called in a manner which violates the right of privacy of all consumers.

## **ALLEGATIONS OF FACT**

11. On or about the end of December 2014 and January 2015, Plaintiff began receiving calls from an unknown number of 770-240-0040.

12. Plaintiff is the owner and regular user of the cellular phone number *678-235-XXXX*.

13. The barrage of calls continued up until the present day. Confused and baffled, Plaintiff discovered that he was receiving calls from the Defendant TDL.

14. On one such call, Plaintiff answered the phone, and heard an automated voice say "Please stay on the line, for the next available representative", before being connected to a live agent.

15. Plaintiff has received over twenty (20) phone calls from Defendant TDL transfer number of 770-240-0040.

16. Upon information and belief, Plaintiff called the number to inquire about the barrage of calls. Plaintiff was told by the representative that he could go to the website of www.truedentaldiscounts.com which would explain the process.

Plaintiff also inquired about the local number of 770-240-0040, and was told by the representative **Dan** that ***"770-240-0040 is a transfer number for 800-272-1928", the number listed on the website.***

17.  The calls Plaintiff received were made using an automated dialer system.  This system stores or produces telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

18.  Plaintiff never consented to, requested, or otherwise desired or permitted calls from Defendant TDDL for any purpose.

19.  Plaintiff has never provided his cellular phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any party.

20.  Upon further information and belief, Plaintiff believes these calls were for the sole purpose of solicitation of dental services offered by Defendant TDL.

21.   Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of TDL calls.  He was needlessly bothered and was forced to utilize minutes from his cell phone which could have been used for other purposes.

22.  Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA.

23. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

## KNOWING AND/OR WILLFUL VIOLATIONS
## OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

24. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

25. Without prior express consent, the Defendant TDL, contacted the Plaintiff

over twenty (20) times by means of automatic dialing systems to a cellphone or

pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

26. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C.

§ 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and

every call in violation of the statue, pursuant to  47 U.S.C. § 227(b)(3).

27. An award of all fees and costs incurred by Plaintiff.

## PRAYER FOR RELIEF

a) Assessing against Defendant TDL, damages of $1,500 for each of the twenty-

(20) violations of the TCPA found by the Court to have been committed by TDL,

willfully and knowingly; if the Court finds TDL, has engaged in violations of the

TCPA which are not willful and knowing, then assessing against TDL, damages of

$500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

b) Assessing against TDL, all costs incurred by the plaintiff; and

c) Awarding such other relief as justice and equity may require.

d) A trial by jury on all issues so triable;

e) Such other and further relief as may be just and proper.

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com